# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| CHRISTOPHER WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:17-01968 |
| ) | |
| BARBARA RICKARD, Warden, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petition be dismissed.

## FACT AND PROCEDURE

**1.  Instant Section 2241 Petition:**

On March 22, 2017, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Civil Action No. 1:17-01968, Document No. 1.) In his Petition, Petitioner states that an Incident Report was issued against him on or about August 25, 2016, charging him with violating Offense Code 104, Possession of a Knife. (Id.) Petitioner complains that he has been held in segregation since the issuance of the Incident Report on August 25, 2016, in violation of his Fifth Amendment right to due process. (Id.) Petitioner further complains that he received letters

1

from the United States Attorney's office on January 13, 2017, and March 9, 2017, advising him that he was a target of a grand jury investigation and he had the right to appear before the grand jury. (Id.) Petitioner asserts that he has been denied counsel in violation of his Sixth Amendment rights concerning the possible upcoming charges referred to in the target letter. (Id.) Finally, Petitioner alleges that he placement in segregation has resulted in cruel and unusual punishment in violation of the Eighth Amendment. (Id.) As relief, Petitioner requests the following: (1) The Court order Petitioner's immediate release to general population; (2) The Court appoint counsel for his "pending prosecution;" and (3) The Court "order the United States Attorney's Office to release Petitioner's Incident Report back to the institutional level immediately so that Petitioner can bring resolution to his Incident Report and keep his parole date." (Id.)

By Order entered on April 21, 2017, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Id., Document No. 8.) On May 4, 2017, Respondent filed his Response to the Order to Show Cause. (Id., Document No. 12.) Respondent argues that Petitioner's Petition should be denied because "the issues raised in the Petition are moot." (Id.) Respondent explains that Petitioner was released from federal custody via full term release on April 19, 2017. (Id.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner on May 8, 2017, advising him of his right to file a response to Respondent's request for dismissal. (Id., Document No. 13.) Petitioner, however, failed to file a Response.

**B.    Criminal Action No. 1:17-00055:**

On April 4, 2017, an Indictment was filed against Petitioner charging him with one count

of Possession of a Prohibited Object by an Inmate of a Federal Prison, in violation of 18 U.S.C. §§ 1791(a)(2) and 1871(b)(3). (Criminal Action No. 1:17-00055, Document No. 1.) By Order entered on April 5, 2017, the Court appointed counsel to represent Petitioner in Criminal Action No. 1:17-00055. (Id., Document No. 6.) On April 14, 2017, Petitioner filed a *pro se* Petition for Writ of Mandamus. (Id., Document No. 17.) Specifically, Petitioner requested the following: (1) that the Court require the United States Attorney's Office to either dismiss the underlying charges of the target letter or present the charges to the grand jury; and (2) if the charges are not dismissed, the appointment of counsel regarding the target letter. (Id.) By Order entered on April 18, 2017, the undersigned denied Petitioner's *pro se* Petition for Writ of Mandamus as moot. (Id., Document No. 17.) On June 20, 2017, Petitioner pled guilty to the single-count Indictment. (Id., Document No. 25, 26, and 27.) Petitioner is currently awaiting sentencing scheduled before the District Court. (Id., Document No. 25.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial

3

Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[3] and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1) and **REMOVE** this matter from the Court's docket.

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on April 19, 2017. *Also see* Document No. 12-1.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: August 21, 2017.

Omar J. Aboulhosn
United States Magistrate Judge